Kurt M. Kjelland (SBN 172076)
*kkjelland@goodwinprocter.com*
**GOODWIN PROCTER LLP**
4365 Executive Drive
San Diego, California 92121
Telephone: 858.202.2700
Fax: 858.457.1255

Attorneys for Defendant
**DYMATIZE ENTERPRISES, LLC**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DYMATIZE ENTERPRISES, LLC,<br><br>　　　　　Defendant. | Case No. 3:13-cv-00888-JLS-MDD<br><br>**DYMATIZE ENTERPRISES, LLC'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Janis L. Sammartino<br>Courtroom 4A<br>Date Complaint Filed: April 12, 2013 |

Defendant Dymatize Enterprises, LLC ("Defendant") hereby responds to Thermolife International, LLC's ("Plaintiff") Complaint for Patent Infringement ("Complaint") as follows:

## I. THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies same.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies same.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies same.

4. Defendant admits that U.S. Patent Nos. 6,646,006; 6,117,872; 5,891,459 and 7,452,916 will be referred to as the "patents in suit."

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies same.

6. Denied.

7. Defendant admits that it does business as Dymatize Nutrition.

## II. JURISDICTION AND VENUE

8. Defendant admits that this action arises in part under Title 35 of the U.S. Code. Defendant further admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338. Defendant denies that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1367.

9. Defendant admits, for purposes of this action only, that venue is proper in this judicial district with respect to Defendant under certain sections of 28 U.S.C. §§ 1391 and 1400.

10. Denied.

11. Denied.

### III. THE DEFENDANT'S ALLEGED INFRINGEMENTS

12. Denied.

### A. ALLEGED DIRECT INFRINGEMENTS

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies same.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

### B. ALLEGED INDIRECT INFRINGEMENTS

20. Denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies same.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

2

**DYMATIZE ENTERPRISES, LLC'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM**
Case No. 3:13-cv-00888-JLS-MDD

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendant admits that it is presently aware of the patents in suit.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied

## IV. FIRST CAUSE OF ACTION

### Alleged Infringement of U.S. Patent No. 6,646,006

38. Defendant repeats and incorporates by reference its responses to Paragraphs 1-37 of the Complaint.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies same.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendant admits that it is presently aware of U.S. Patent No. 6,646,006.

54. Defendant admits that it does not have a license agreement with the patent holder with respect to U.S. Patent No. 6,646,006.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore denies same.

55. Denied.

56. Denied.

57. Denied.

### V.   SECOND CAUSE OF ACTION

### Alleged Infringement of U.S. Patent No. 5,891,459

58. Defendant repeats and incorporates by reference its responses to Paragraphs 1-57 of the Complaint.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies same.

64. Denied.

65. Denied.

4

**DYMATIZE ENTERPRISES, LLC'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM**
Case No. 3:13-cv-00888-JLS-MDD

1. 66. Denied.
2. 67. Denied.
3. 68. Denied.
4. 69. Denied.
5. 70. Denied.
6. 71. Denied.
7. 72. Denied.
8. 73. Defendant admits that it is presently aware of U.S. Patent No. 5,891,459.
9. 74. Defendant admits that it does not have a license agreement with the patent holder with respect to U.S. Patent No. 5,891,459.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and therefore denies same.
10. 75. Denied.
11. 76. Denied.
12. 77. Denied.

## VI.   THIRD CAUSE OF ACTION

### Alleged Infringement of U.S. Patent No. 7,452,916

78. Defendant repeats and incorporates by reference its responses to Paragraphs 1-77 of the Complaint.
79. Denied.
80. Denied.
81. Denied.
82. Denied.
83. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and therefore denies same.

Case 3:13-cv-00888-JLS-MDD   Document 11   Filed 07/11/13   PageID.47   Page 7 of 12

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Defendant admits that it is presently aware of U.S. Patent No. 7,452,916.

94. Defendant admits that it does not have a license agreement with the patent holder with respect to U.S. Patent No. 7,452,916. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint and therefore denies same.

95. Denied.

96. Denied.

97. Denied.

## VII.  FOURTH CAUSE OF ACTION

### Alleged Infringement of U.S. Patent No. 6,117,872

98. Defendant repeats and incorporates by reference its responses to Paragraphs 1-97 of the Complaint.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

**DYMATIZE ENTERPRISES, LLC'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM**
Case No. 3:13-cv-00888-JLS-MDD

103. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint and therefore denies same.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Defendant admits that it is presently aware of U.S. Patent No. 6,117,872.

114. Defendant admits that it does not have a license agreement with the patent holder with respect to U.S. Patent No. 6,117,872. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint and therefore denies same.

115. Denied.

116. Denied.

117. Denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense (Non-Infringement)

118. Defendant has not and does not infringe any valid and enforceable claim of United States Patent Nos. 6,646,006 ("the '006 patent"), 6,117,872 ("the '872 patent"), 5,891,459 ("the '459 patent") and 7,452,916 ("the '916 patent").

**Second Affirmative Defense (Invalidity)**

119. The claims of the '006, '872, '459 and '916 patents are invalid because they do not comply with one or more of the requirements for patentability, including those identified in 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNTERCLAIM FOR A DECLARATORY JUDGMENT

Counterclaim-Plaintiff Dymatize Enterprises, LLC ("Dymatize"), for its counterclaim against Counterclaim-Defendant Thermolife International, LLC ("Thermolife"), alleges as follows:

1. Counterclaim-Plaintiff Dymatize repeats and incorporates herein by reference its response to Paragraphs 1-117 of the Complaint set forth above.

2. This is an action for a judgment declaring that the claims of the '006, '872, '459 and '916 patents are invalid, and not infringed by Dymatize.

## THE PARTIES

3. Counterclaim-Plaintiff Dymatize is a limited liability company organized under the laws of the state of Delaware, with its principal place of business located at 13737 North Stemmons Freeway, Farmers Branch, Texas, 75234.

4. On information and belief, Counterclaim-Defendant Thermolife is a limited liability company organized and existing under the laws of Arizona, with a place of business at 1811 Ocean Front Walk, Venice, California, 90291.

## JURISDICTION AND VENUE

5. This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

6. This Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

7. Counterclaim-Defendant Thermolife submitted to the personal jurisdiction of this Court by filing its Complaint for Patent Infringement.

8. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) and (c).

## THE EXISTENCE OF AN ACTUAL CONTROVERSY

9. Counterclaim-Defendant Thermolife's allegations of patent infringement against Dymatize in this action has created an actual controversy between Dymatize and Thermolife regarding the '006, '872, '459 and '916 patents.

10. Counterclaim-Defendant Thermolife alleges in its Complaint that it is the exclusive licensee of the '006, '872, '459 and '916 patents and has been granted the right by the patents' owner to institute suit with respect to infringement of the patents in suit.

## NON-INFRINGEMENT AND INVALIDITY

11. Counterclaim-Plaintiff Dymatize has not and does not infringe any valid and enforceable claim of the '006, '872, '459 or '916 patents.

12. The claims of the '006, '872, '459 and '916 patents are invalid because they do not comply with one or more of the requirements for patentability, including those identified in 35 U.S.C. §§ 101, 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Dymatize requests the Court to enter Judgment in its favor and against Plaintiff and Counterclaim-Defendant Thermolife as follows:

A. Dismissing all claims against Dymatize in Thermolife's Complaint for Patent Infringement with prejudice;

B. Declaring that Dymatize has not and does not infringe and will not infringe any claim of the '006, '872, '459 or '916 patents;

C. Declaring the claims of the '006, '872, '459 and '916 patents invalid;

E. Adjudging that Plaintiff and Counterclaim-Defendant Thermolife is not

entitled to any declaratory or injunctive relief or any alleged damages for alleged patent infringement by Dymatize;

    F.    Adjudging this to be an exceptional case under 35 U.S.C. § 285, and awarding to Dymatize its reasonable attorney fees, costs and expenses; and

    G.    Granting to Dymatize such other and further relief as this Court may deem just, proper or equitable.

## **Jury Demand**

Dymatize respectfully demands a trial by jury on all issues so triable.

Dated: July 11, 2013

Respectfully Submitted,

GOODWIN PROCTER LLP

By: /s/ Kurt J. Kjelland
Kurt J. Kjelland
kkjelland@goodwinprocter.com
GOODWIN PROCTER LLP
4365 Executive Drive
San Diego, California 92121
Telephone: 858.202.2700
Fax: 858.457.1255

Attorney for Defendant
**DYMATIZE ENTERPRISES, LLC**

10

**DYMATIZE ENTERPRISES, LLC'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM**
Case No. 3:13-cv-00888-JLS-MDD

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel of record on July 11, 2013.

*/s/ Kurt J. Kjelland*
Kurt J. Kjelland