Tyler J. Woods (State Bar No. 232464)
 twoods@trialnewport.com
Richard H. Hikida (State Bar No. 196149)
 rhikida@trialnewport.com
Scott J. Ferrell (State Bar No. 202091)
 sferrell@trialnewport.com
**NEWPORT TRIAL GROUP**
A Professional Corporation
4100 Newport Place, Suite 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DYMATIZE ENTERPRISES, LLC<br><br>Defendants. | Case No.  13-CV-00888 JLS(MDD)<br><br>**COUNTER-DEFENDANT THE THERMOLIFE INTERNATIONAL, LLC'S ANSWER TO COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |
| DYMATIZE ENTERPRISES, LLC,<br><br>Counterclaimants,<br><br>vs.<br><br>THERMOLIFE INTERNATIONAL, LLC,<br><br>Counterdefendant. | |

Plaintiff and Counter-Defendant Thermolife International, LLC, ("Counter-Defendant" or "Thermolife") hereby answers the Counterclaims of Defendant and Counter-Claimant Dymatize Enterprises, LLC ("Counter-Claimant" or "Dymatize") as follows:

1. Paragraph 1 contains conclusions and argument that Counter-Defendant is not required to admit or deny.

2. Thermolife admits the allegations in Paragraph 2 of the Counterclaims.

## THE PARTIES

3. Thermolife admits the allegations in Paragraph 3 of the Counterclaims.

4. Thermolife admits the allegations in Paragraph 4 of the Counterclaims.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 are legal conclusions that do not require a response from Thermolife. To the extent the remaining allegations require a response, Thermolife admits the allegations in Paragraph 5 of the Counterclaims.

6. The allegations in Paragraph 6 are legal conclusions that do not require a response from Thermolife. To the extent the remaining allegations require a response, Thermolife admits the allegations in Paragraph 6 of the Counterclaims.

7. Thermolife admits the allegations in Paragraph 7 of the Counterclaims.

8. Thermolife admits the allegations in Paragraph 8 of the Counterclaims.

## THE EXISTENCE OF AN ACTUAL CONTROVERSY

9. Thermolife admits the allegations in Paragraph 9 of the Counterclaims.

10. Thermolife admits the allegations in Paragraph 10 of the Counterclaims.

## NON-INFRINGEMENT AND INVALIDITY

11. Thermolife admits the allegations in Paragraph 11 of the Counterclaims.

12. Thermolife admits the allegations in Paragraph 12 of the Counterclaims.

## PRAYER FOR RELIEF

Thermolife denies that Counter-Claimant is entitled to the relief it seeks as set forth the Prayer for Relief of the Counterclaims, or any relief whatsoever, and requests

that the Court award Thermolife its costs and fees of suit and other relief the Court deems proper.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Counter-Claimant's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, unclean hands, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Counter-Claimant's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, unclean hands, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Counter-Claimant's request for attorney fees under 35 U.S.C. § 285, which is necessarily premised upon either bad faith litigation conduct or inequitable conduct before the United States Patent and Trademark Office, has been inadequately pled under Rule 9(b) of the Federal Rules of Civil Procedure. The Federal Circuit has made it clear in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), that a party must plead the specific who, what, when, where and how of the material representations or omissions before the United States Patent and Trademark Office, which form the bases of the inequitable conduct defense or counterclaim being raised. *Id.* at 1328.

### PRAYER FOR RELIEF

WHEREFORE, Thermolife prays for entry of judgment against Counter-Claimant as follows:

1. A declaration that Counter-Claimant has infringed the '006 patent, '872 patent, '459 patent and the '916 patent under 35 U.S.C. §§ 271 *et seq.*;

2. That injunctions, preliminary and permanent, be issued by this Court restraining Counter-Claimant, its respective officers, agents, servants, directors, and

employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of, the '006 patent, '872 patent, '459 patent and the '916 patent;

    3.    That Counter-Claimant be required to provide to Thermolife an accounting of all gains, profits, and advantages derived by Counter-Claimant's infringement of the '006 patent, '872 patent, '459 patent and the '916 patent, and that Thermolife be awarded damages adequate to compensate Thermolife for the wrongful infringing acts by Counter-Claimant, in accordance with 35 U.S.C. § 284;

    4.    That the damages awarded to Thermolife with regard to the '006 patent, '872 patent, '459 patent and the '916 patent be increased up to three times, in view of Counter-Claimant's willful infringement, in accordance with 35 U.S.C. § 284;

    5.    That this case be declared to be exceptional in favor of Thermolife under 35 U.S.C. § 285, and that Thermolife be awarded its reasonable attorneys' fees and other expenses incurred in connection with this action;

    6.    That Thermolife be awarded its interest and costs of suit incurred in this action;

    7.    Compensatory damages;

    8.    Punitive damages; and

9.    That Thermolife be awarded such other and further relief as this Court may deem just and proper.

Date: August 2, 2013

Respectfully submitted,
NEWPORT TRIAL GROUP
A Professional Corporation

By:  /s/Tyler J Woods
    TYLER J WOODS
    Attorneys for Plaintiff and Counter-Defendant

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Counter-defendant hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

Respectfully submitted,

Date: August 2, 2013

NEWPORT TRIAL GROUP
A Professional Corporation

By: */s/Tyler J Woods*
TYLER J WOODS
Attorneys for Plaintiff and Counter-Defendant

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2013, I electronically filed the foregoing **COUNTER-DEFENDANT THE THERMOLIFE INTERNATIONAL, LLC'S ANSWER TO COUNTERCLAIMS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/*Tyler J Woods*
Tyler J Woods